United States Bankruptcy Court
Eastern District of Michigan
Southern Division- Detroit

In re:

Jirair Kaypekian,                                                    Case No. 05-82803-R
        Debtor,                                                   Chapter 7
_____/

Fred J. Dery,
        Plaintiff,

v.                                                                          Adv. Pro. No. 06-4428

Jirair Kaypekian,
        Defendant.
_____/

**<u>Opinion Regarding Plaintiff's Motion for Summary Judgment</u>**

    Fred J. Dery, the plaintiff and chapter 7 trustee, filed a motion for summary judgement denying the debtor's discharge under 11 U.S.C. § 727 (a) (3). Kaypekian filed for chapter 7 relief on October 14, 2005. The majority of the debt is from Kaypekian's jewelry business. Dery filed this adversary proceeding on Mach 6, 2006 due to Kaypekian's failure to document the business debt and receivables and because he was unable to account for approximately $ 1.3 million in diamonds that were held on commission.

    Dery served Kaypekian with a request for admissions on September 6, 2006. Kaypekian did not respond to this request. Under Fed. R. Civ. Pro. 36 (c), admissions that are not denied within 30 days are conclusively deemed admitted unless the court permits withdrawal or amendment. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). Requests for admissions that are dispositive of the entire case are permissible. *Campbell v. Spectrum Automation*

*Co.*, 601 F.2d 246, 253 (6th Cir. 1979). Consequently, deemed admissions can serve as a basis for summary judgement under Fed. R. Civ. P. 56(c).

Discharge may be denied if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a) (2005).

Kaypekian's deemed admissions include an admission that he failed to keep and preserve records from which his financial condition and business transactions can be ascertained, that no evidence exists to explain the loss of assets, and that no meritorious defense, based in law or fact, exists.

Because all of the facts that warrant denial of the debtor's discharge under § 727 (a) (3) have been deemed admitted, it is appropriate to render summary judgement for the trustee. Fed. R. Civ. Pro. 56 (c).

The plaintiff's request for costs and attorney's fees is denied.

Not For Publication

**Signed on November 17, 2006**

                                                    /s/ Steven Rhodes
                                                    **Steven Rhodes**
                                                    **Chief Bankruptcy Judge**